UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DEXTER FIELDS, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 4:11-cv-04318-HGD |
| CORDARO MELTON, et al., | ) |
| Defendants | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Dexter Fields, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the Bibb County Correctional Facility in Brent, Alabama. Plaintiff names as defendants Warden Dewayne Estes and Correctional Officers Cordaro Melton and Jamie Thurman. Plaintiff seeks monetary and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

**FACTUAL ALLEGATIONS**

On May 25, 2010, at approximately 4:22 p.m., the plaintiff was involved in a physical altercation with another inmate.  (Doc. 1 at 3). The two voluntarily separated, and as the plaintiff was walking from D-Dorm Bay 3 into Bay 4, Officer Jamie Thurman approached and ordered the plaintiff to get on the floor and place his hands on his back. (*Id*. at 3-4).  The plaintiff began to comply. (*Id*.)  While the plaintiff was on his knees with both hands behind his back attempting to lay down,

Officer Cordaro Melton entered the area, leapt over a dividing wall, and kicked the plaintiff in the face. (*Id*.) The plaintiff immediately lost consciousness, but believes that Officer Melton repeatedly kicked and struck him while he was on the ground until Lieutenant Willie Bennett was able to get Melton off of him. (*Id*.)

The plaintiff suffered a concussion and continues to have severe headaches accompanied with lightheadedness and dizziness. The plaintiff also suffers from a stiff neck and sore back. (Doc. 1 at 5).

## DISCUSSION

**A.   Sovereign Immunity**

To the extent the plaintiff's constitutional claims are brought against the individual defendants in their official capacities for monetary relief, the plaintiff's claims are due to be dismissed under the doctrine of sovereign immunity. It is well established that the Eleventh Amendment to the United States Constitution bars 42 U.S.C. § 1983 claims against the state or an agency of the state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Likewise, lawsuits against a state official in his or her official capacity are suits against the state when "the state is the real, substantial party in interest." *Id*. at 101. Although Eleventh Amendment immunity protects state officials from suits for money damages, actions

against a state official for prospective injunctive relief are outside the protection offered by the Eleventh Amendment. *Id*. at 102-03; *see Carr v. City of Florence*, 916 F.2d 1521, 1524 n.2 (11th Cir. 1990).

Based on the foregoing, the plaintiff's claims against the defendants in their official capacities for monetary relief are due to be dismissed. The remainder of this report and recommendation will address the plaintiff's claims against the defendants in their individual capacities.

**B.     Defendant Dewayne Estes**

Although the plaintiff names Warden Dewayne Estes as a defendant, he does not allege in his complaint that Estes personally violated any of his constitutional rights. Instead, it appears that the plaintiff attempts to implicate Warden Estes through the concept of *respondeat superior*. However, the doctrine of *respondeat superior* is unavailable in actions brought under § 1983. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978); *see also Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).

While "the doctrine of respondeat superior does not apply to § 1983 cases, a § 1983 plaintiff may maintain a theory of direct liability against a prison or other official if that official fails to properly train, supervise, direct, or control the actions of a subordinate who causes the injury." *Pearl v. Dobbs*, 649 F.2d 608, 609 (8th Cir.

1981). "Supervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006)(citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). "A single incident, or isolated incidents, do not ordinarily satisfy this burden." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).

The plaintiff has described only this single incident in which one officer allegedly used excessive force against him. This one incident, by itself, does not demonstrate that defendant Estes knew the plaintiff was subject to attack by an officer or was subject to a strong likelihood, as opposed to a possibility, of serious harm from an officer. Neither does the plaintiff allege that Warden Estes maintained customs or policies that resulted in deliberate indifference to the plaintiff's constitutional rights or that the officials directed their subordinates to act unlawfully or knew they

would act unlawfully and failed to stop them from doing so. Accordingly, the plaintiff's claims against defendant Estes is due to be dismissed.

C. **Officers Melton and Thurman**

To the extent the plaintiff alleges that Officer Melton used excessive force against him in violation of the Eighth Amendment, such claim is due to be referred to the undersigned for further proceedings.

Further, although the plaintiff does not allege that Officer Thurman ever personally used force against him, and it is clear that Thurman could not have protected the plaintiff from Melton's initial blow, the plaintiff does allege that Officer Melton continued to beat him in Thurman's presence until another officer was able to restrain Officer Melton. Thus, to the extent that the plaintiff attempts to allege that Officer Thurman failed to intervene, such claim is also due to be referred to the undersigned for further proceedings.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that the following be DISMISSED for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2):

(1) the plaintiff's claims against the defendants in their official capacities for monetary relief; and

(2) the plaintiff's supervisory liability claims against defendant Estes.

The magistrate judge further RECOMMENDS that the plaintiff's Eighth Amendment excessive force claims against defendants Melton and Thurman be REFERRED to the undersigned magistrate judge for further proceedings.

Plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. Objections not

meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 10th day of December, 2012.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE